IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

NGOZI MADUKWE,

    Plaintiff,

v.

    Case No.: GJH-16-767

CAPITAL ONE
FINANCIAL CORPORATION, *et al.*,

    Defendants.

**MEMORANDUM OPINION**

Plaintiff Ngozi Madukwe moves for an extension of time to file an appeal from the Court's dismissal of her claims in the above-referenced case. ECF No. 27. A hearing is unnecessary. Loc. R. 105.6 (D. Md. 2016). For the reasons stated below, the Court will grant Plaintiff's motion.

**I. DISCUSSION**

The timely filing of a notice of appeal is "mandatory and jurisdictional." *Ward v. Branch Banking & Trust Co.*, No. CV ELH-13-1968, 2016 WL 4492706, at *2 (D. Md. Aug. 25, 2016) (citing *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988)). Pursuant to Fed. R. App. P. 4(a)(1)(A), a party must file a notice of appeal as required by Fed. R. App. P. 3 within 30 days after the entry of the District Court's final judgment, unless the District Court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). Under Fed. R. App. P. 4(a)(5), the District Court may extend the time to file a notice of appeal if a party moves for an "extension of time" at a time "no later than 30 days after the time

1

prescribed by this Rule 4(a) expires," 4(a)(5)(A)(i), and "that party shows excusable neglect or good cause." 4(a)(5)(A)(ii).

Here, Plaintiff's time to file a notice of appeal expired on April 24, 2017. Plaintiff then had until May 24, 2017 to move for an extension of time based on excusable neglect or good cause pursuant to Rule 4(a)(5)(A)(ii). Because Plaintiff filed the instant motion on April 25, 2017, the Court finds that her Motion for an Extension of Time was timely filed. ECF No. 27

Next, the Court must consider whether or not Plaintiff has offered a showing of excusable neglect or good cause for the delay. As the Advisory Committee's Notes to the Federal Rules of Appellate Procedure reflect, these standards occupy "different domains" and are "not interchangeable." Fed. R. App. P. 4(a)(5)(A)(ii), advisory committee's note to 2002 Amendments (internal citations omitted). The Committee further explained that,

> [t]he excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault -- excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

*Id.* To illustrate the difference in the standards, the Committee's notes describe a situation where the postal service failed to deliver a notice of appeal. *Id.* In that situation, good cause rather than excusable neglect would apply because, "the movant may not have been neglectful at all." *Id.*

Here, Plaintiff requests a one day extension of her time to file an appeal because of a death in her family on the date of the appeal deadline. ECF No. 27. In this situation, the Court finds that excusable neglect rather than good cause is the appropriate standard to employ because, while a death in her family was both tragic and outside Plaintiff's control, her decision to wait until the last day possible to file her appeal was within her control.

2

Excusable neglect is an "equitable [inquiry]," taking into consideration "(1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith." *Shuler v. Prince George's Cty.*, No. PWG-13-3373, 2014 WL 5023214, at *1-2 (D. Md. Oct. 7, 2014) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (alteration in the original). The Fourth Circuit has explained that, "[a]s a general rule, the first two *Pioneer* factors will favor the moving party because the time limits inherent in Rule 4(a)(5) necessarily minimize the extent of any prejudice or delay" and the fourth factor, good faith is "seldom at issue." *Symbionics Inc. v. Ortlieb*, 432 F. App'x 216, 219 (4th Cir. 2011) (citing *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003)). Thus, the reason for the delay is the "most important" issue for the Court to consider, *Shuler*, 2014 WL 5023214, at *1-2 (quoting *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)), and "a district court should find excusable neglect only in the *extraordinary cases* where injustice would otherwise result." *Symbionics Inc.*, 432 F. App'x at 220 (emphasis in the original).

As explained above, Plaintiff states that a death in her family caused her to file her notice of appeal one day late. Further, Plaintiff filed her request for an extension of time one day after the expiration of the appeal period, which was also only one day after the death in her family that caused the delay. Thus, this is not a situation where a party suffered a personal tragedy and then become unresponsive, delaying court proceedings. *See Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006) (death in family not an excuse when counsel "kept opposing counsel in the dark" during discovery proceedings.). Here, Plaintiff acted as quickly as possible in response to unforeseen events. Thus, while it would have been prudent for Plaintiff to have planned to file

3

her appeal more promptly, the Court finds that she has made a sufficient showing of excusable neglect and thus, will allow her to file her notice of appeal one day late. *See Jones v. Giant of Maryland, LLC*, No. CIV.A.DKC 08-0304, 2010 WL 3677017, at *7 (D. Md. Sept. 17, 2010) (granting motion to extend time due to the recent passing of counsel's family member and the minimal delay incurred by late filing).

**II.    CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Extend Appeal Deadline, ECF No. 27, is granted. A separate Order follows.

Dated: May 10, 2017

_____
GEORGE J. HAZEL
United States District Judge